IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ACTIVE WAY INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 5:16-06158-MC-RK ) ) |
| SMITH ELECTRIC VEHICLES CORP., | ) ) |
| Defendant. | ) |

# ORDER

This closed case is before the Court on Plaintiff Active Way International Limited's ("Active Way")'s Motion for Creditor's Bill (doc. 6) and Application and Motion for Immediate Appointment of Limited Receiver (doc. 8). For the following reasons, Plaintiff's motions are **DENIED** without prejudice.

## I. Background

Plaintiff is a citizen of a foreign country (doc. 1 ¶ 3); Plaintiff is incorporated in and has its principal place of business in Hong Kong. (*Id.* at ¶ 1.) Defendant is a citizen of the United States (*id.* at ¶ 3); Defendant is incorporated in Delaware and has its principal place of business in Missouri. (*Id.* at ¶ 2.) Plaintiff previously sued Defendant in a Hong Kong court for breach of a loan agreement (*Id.* at ¶ 5; *see* doc. 1-3) and on October 19, 2016, obtained a judgment awarding Plaintiff $1,085,327.88, with additional interest and costs (the "Judgment") (doc. 1-1). Defendant did not appear or otherwise defend in the Hong Kong suit.

Plaintiff commenced this action on November 28, 2016, by filing its Verified Petition to Register Foreign Country Judgment (the "Complaint"). (Doc. 1.) Plaintiff brings this action pursuant to the Court's diversity jurisdiction requesting that the Judgment be made a final judgment of this Court and that Plaintiff be allowed to enforce the Judgment in the same manner as any other judgment of this Court. (*Id.* at 2-4.) After Plaintiff was unable to serve the Complaint on Defendant at the addresses for its registered agent and its principal place of business (doc. 4), Defendant was served on December 9, 2016, via the Missouri Secretary of State's Office (doc. 5). Defendant failed to file a timely answer and failed to file any objection within thirty days of service. Thereafter, the Judgment became a final judgment of this Court in

January 2017 in accordance with Missouri's Uniform Foreign Country Money-Judgments Recognition Act, Mo. Rev. Stat. § 511.778.[2] Upon the Judgment, a Writ of Execution was issued to the address of the defunct registered agent, and returned *nulla bona* (or unsatisfied). (Doc. 16.) The return noted that "[t]he address [provided] is an empty, guard shack type building. The only door was secure and it looked as though it had not been used in years." (*Id.*)

On February 23, 2017, Plaintiff filed the instant motions seeking equitable relief, and in particular, the appointment of a receiver to receive certain intangible property along with an order compelling Defendant to assign the property to said receiver. (Docs. 6, 8.) Plaintiff specifically seeks an order directing Defendant to assign certain intangible property to a limited receiver pursuant to the Missouri Commercial Receiver Act, Mo. Rev. Stat. § 515.510. Plaintiff defines the assets over which it seeks the appointment of a receiver by reference to a Contribution Agreement entered into on May 4, 2015, between Defendant and Orng EV Solutions, Inc. n/k/a Nohm Inc. ("Orng"). (Doc. 7 at 2-8.) As part of the Contribution Agreement, Defendant contributed a variety of intellectual properties to Orng, which was formed to manufacture and sell electric vehicles. Plaintiff describes Defendant's particular assets it seeks to reach in the following general categories: (1) Defendant's rights under the Contribution Agreement, (2) Defendant's claims under the Contribution Agreement, including any claims which were, or could have been asserted in an earlier action Defendant brought against FDG Electric Vehicles Limited ("FDG"),[3] Orng, and Plaintiff, previously pending in a Delaware state court ("Delaware lawsuit"), and (3) Defendant's intellectual property listed in the Contribution Agreement. Plaintiff requests that these intangible assets be subjected to satisfaction of the Judgment.

The Court scheduled the instant motions for a hearing on April 10, 2017, and also issued its Order Regarding Agenda for April 10, 2017 Hearing (doc. 17) requesting that argument on the motions specifically address several concerns the Court had regarding the filings. The morning of the hearing, Joon Kim, Peter Christiansen, and Potomac Asset Management Company ("Proposed Intervenors"), filed a motion to intervene purporting to be other creditors

---

[2] In a diversity action, state law governs whether a foreign country judgment should be made a final judgment of a federal court. *See Banque Libanaise Pour Le Commerce v.* Khreich, 915 F.2d 1000, 1003-04 (5th Cir. 1990) (state law governs recognition of a foreign country judgment).

[3] Plaintiff states that FDG is its holding company. (Doc. 1-3 at 7, ¶ 24.)

of Defendant. (Docs. 19 and 20.) At the same time, Defendant filed a motion for leave to file a response to Plaintiff's motion for limited receiver out of time (doc. 22) together with its response brief to that effect (doc. 21). The Court granted Defendant leave to file its late response brief. (Docket Entry 24.) Counsel for Plaintiff, Defendant, and the Proposed Intervenors appeared and presented argument at the hearing. At the hearing's conclusion, the Court permitted Proposed Intervenors and Defendant to file post-hearing briefing addressing the concerns listed in the Court's Agenda (doc. 17) to which Plaintiff was permitted to file a reply. (Docs. 29, 30, 33.)

II. Analysis

  A. Receivership Appointment

Federal Rule of Civil Procedure 69 provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69 goes on to state that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Specific to receivership appointments, Federal Rule of Civil Procedure 66 provides that "[t]hese rules govern an action in which the appointment of a receiver is sought[.]" *See* 3-26 Moore's Manual--Federal Practice and Procedure § 26.101 (2017) (a federal rule is considered a governing statute for the purpose of determining which law controls in execution of a judgment in federal court pursuant to federal rule 69). The Eighth Circuit has held that "[t]he appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) (citing Fed. R. Civ. P. 66 and Advisory Committee's Note and 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 2983) (other citations omitted); *PNC Bank, Nat'l Assoc. v. Raintree Village Shopping Center, LLC*, Case No. 4:13-cv-00940-HFS (W.D. Mo. Jan. 3, 2014) (doc. 26) (applying *Aviation Supply* factors and denying a motion to appoint receiver to sell real estate where creditor conducted no discovery, and offered no specific examples or theory of requisite misconduct such as fraud or diversion of assets); *see Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 842-3 (9th Cir. 2009) (federal law governs the appointment of a receiver by a district court in a diversity case); *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291-92 (11 Cir. 1998) (same); *Sterling Sav. Bnk. v. Citadel Develop. Co., Inc.*, 656 F. Supp. 2d 1248, 1253, 1258 (D. Or. 2009)

(because appointment of a receiver is not a substantive right, a federal court acting in diversity must comply with Rule 66 even if state receivership law would produce a different result).

During the April hearing, Plaintiff's Counsel represented that although he believed Plaintiff would be able to establish the *Aviation Supply* factors, Plaintiff does not have to comply with those factors because it seeks a remedy separate than a federal equitable receiver. (Doc. 28 at 11-12.) Rather, Plaintiff is specifically asking for a limited receiver as provided in the new Missouri Commercial Receivership Act. Despite Plaintiff's reliance on case authority from outside of this circuit, *Aviation Supply* instructs this Court to apply Rule 66 in determining whether to appoint a receiver in this case regardless of whether a state statute would produce a different result and Plaintiff has presented no argument or case authority to support that this case is somehow distinguishable. *See e.g.*, *U.S. Bank v. CB Settle Inn Ltd. P'ship*, 827 F. Supp. 2d 993 (S.D. Iowa 2011) (appointing receiver to manage real property and distinguishing *Aviation Supply* where parties' contract explicitly provided for the appointment of receiver upon default).

According to *Aviation Supply*, "[a] receiver is an extraordinary equitable remedy that is only justified in extreme situations." 999 F.2d at 316. The factors to be considered in determining if a receiver is warranted include:

(1) a valid claim by the party seeking the appointment;
(2) the probability that fraudulent conduct has occurred or will occur to frustrate that claim;
(3) imminent danger that property will be concealed, lost, or diminished in value;
(4) inadequacy of legal remedies;
(5) lack of a less drastic equitable remedy; and
(6) likelihood that appointing the receiver will do more good than harm.

*Id.* at 316-17.

In Plaintiff's post-hearing brief, Plaintiff addresses the *Aviation Supply* factors, arguing that the Court should exercise its wide discretion and appoint a receiver because it satisfies four of the six factors. As to the first factor, Plaintiff maintains that the validity of the Judgment and Plaintiff's right to collect on it is undisputed, and thus, it has a valid claim. As to the fourth factor, Plaintiff argues it does not have adequate legal remedies because the nature of the property it seeks to reach is intellectual property, which it asserts is the only significant asset available. Regarding the fifth factor, Plaintiff argues a creditor's bill in conjunction with the

appointment of a receiver is the least drastic and most effective equitable remedy because the receiver would maximize the asset's value since the Missouri Commercial Receiver Act provides an extensive claims administrative procedure which would protect the interest of other creditors. As to the sixth and final factor, Plaintiff asserts without offering support that a receiver will do more harm than good.

Upon careful consideration of the arguments and the filings, and pursuant to the *Aviation Supply* factors, the Court is not persuaded that Plaintiff has demonstrated the requisite extreme situation in this case. That Defendant failed to maintain a registered agent, engaged in its defense of this action late, and has other judgments against it does give rise to the requisite extreme situation. Importantly, Plaintiff does not suggest any fraudulent conduct on behalf of Defendant or imminent danger that the property will be concealed, lost, or diminished in value. In addition, Plaintiff has conducted no discovery and has not otherwise demonstrated inadequacy of legal remedies. A receiver is an extraordinary remedy under federal law. Although the Missouri Commercial Receiver Act sets forth a much more liberal set of circumstances where the appointment of a receiver may be ordered, this is not the appropriate standard to be applied.[4] Therefore, the Court denies Plaintiff's request for the appointment of a limited receiver without prejudice.

### B. Creditor's Bill

A creditor's bill is an equitable procedure available under Missouri law[5] that allows a judgment creditor to reach assets not subject to traditional means of execution. *Shockley v. Harry Sander Realty Co., Inc.*, 771 S.W.2d 922, 924 (Mo. Ct. App. 1989). A creditor seeking a creditor's bill must at least allege: (1) the existence of a judgment, (2) the issuance of an execution against that judgment, and (3) a *nulla bona* return. *Shockley*, 771 S.W.2d at 925. Because it is an equitable proceeding, before a creditor may be entitled to a creditor's bill, the creditor must have first exhausted all available legal remedies. *Buckley v. Maupin*, 125 S.W.2d 820, 824 (Mo. 1939); *see United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th

---

[4] Mo. Rev. Stat. § 515.510.1 generally provides that a court "shall have the power to appoint a receiver, whenever such appointment shall be deemed necessary[.]"

[5] In absence of a controlling federal statute, the determination of whether to issue a creditor's bill is governed by state law. Fed. R. Civ. P. 69.

Cir. 1979) (citations omitted) (under Missouri law, a creditor's bill is "appropriate only upon a showing by the judgment creditor that he has no adequate legal remedy.").

It is undisputed that Plaintiff has a judgment against Defendant and has a *nulla bona* return. However, the Court does not find that Plaintiff has demonstrated it is entitled to a creditor's bill at this juncture based on the record. Plaintiff's citations to various case law, and among them *Ager v. Murray*, 105 U.S. 126 (1881), are not availing based on the record. The Court agrees with Plaintiff that in *Ager*, the Supreme Court endorsed the availability of a creditor's bill to reach intangible property to satisfy a monetary judgment. However, in that case, it was established that the judgment debtor owned no real property or personal property subject to execution at law. Here, Plaintiff has conducted no discovery and a single *nulla bona* return from a Writ of Execution issued to the address of the defunct registered agent. *Cf. Painters Dist. Council No. 2 v. Sustainable Constr., Grp., LLC*, 2016 U.S. Dist. LEXIS 101475, *9 (Mo. E.D. Aug. 3, 2016) ("Plaintiffs have tried every available venue for procuring their amount owed on the [judgment], therefore they are not required to make any further collection attempts against [the judgment debtor] and are entitled to a creditor's bill remedy."). As Defendant has become engaged in this action through counsel, Plaintiff has the opportunity to attempt additional collection efforts.[7] Consequently, because Plaintiff fails to show it exhausted all available legal remedies, the Court denies Plaintiff's motion for a creditor's bill without prejudice.

---

[7] The Court notes that Plaintiff recently issued a second writ of execution to an address in California seeking to levy and seize certain tangible personal property. (Doc. 44-1.)

**III.     Conclusion**

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Creditor's Bill (doc. 6) and Application and Motion for Immediate Appointment of Limited Receiver (doc. 8) are **DENIED** without prejudice.  It is further

**ORDERED** that other motions specifically pertaining to Plaintiff's motion for creditor's bill and appointment of receiver—namely, the Motion to Reconsider Order Denying Intervention (doc. 39)[8] filed by Joon Kim, Peter Christiansen, and Potomac Asset Management Company and Defendant's Request for Hearing (doc. 43)—are **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:  July 5, 2017

---

[8] As the sole basis for their motion to reconsider, Proposed Intervenor's argue that the proposed order for a court-appointed receiver submitted by Plaintiff after the April hearing does not utilize the claims administrative process of the Missouri Commercial Receiver Act.